[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
The Department of Children and Families (the Department) has filed a petition wherein it seeks to terminate the parental rights of Kimberly H. and Timothy S., the biological parents of Jaquez P. The Department alleged that Timothy S has abandoned this child. The Department further alleged that Kimberly H. failed achieve a degree of rehabilitation that would warrant her reunification with Jaquez. Finally the Department alleged that there is no parent — child relationship between Jaquez and his mother.
All parties received appropriate notification of the court proceedings. Neither parent chose to attend.[1]
I. Procedural History
Jaquez P. was born on born October 1998. At the time of Jaquez' birth, cocaine was detected in his blood. In November 1998 he Department sought and secured an order of temporary custody. On December 9, 1998 a court determined that this child was neglected. He was committed to the care and custody of the Department of Children and Families. After several commitment extensions, the Department filed a petition for Termination of Parental Rights. The relevant bases for the termination are abandonment, failure to rehabilitate and lack of on going parent — child relationship.
II. Factual Determinations
Based on the testimony and documentary evidence presented, this Court makes the following findings:
Kimberly H. gave birth the Jaquez P. in Waterbury Connecticut on October 1998. Throughout her pregnancy, Kimberly H. used cocaine. The toxicology screen for both mother and child showed signs of cocaine. CT Page 6366
Jaquez was committed to the care of custody of the Department at the age of 5 weeks. At that time, Kimberly H. agreed to modify her life so that she could regain custody. She has been offered a plethora of services from the Department. Unfortunately, she has remained drug addicted, has engaged in criminal activity and has been unable to maintain any stable living condition. Her visits with this child have been sporadic and minimal. Her level of interest has been inconsistent.
The child's father, Timothy S., has never been a part of the child's life.
III. Legal Conclusions
 A. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Kimberly H., and father, Timothy S.
Kimberly H and Timothy S. have, at best, been in sporadic contact with the Department. Mother has been incarcerated intermittently. At the time of the hearing, she was residing temporarily in Florida.
Because of the parents' nomadic lifestyle, it has been difficult for the Department to contact either.
 B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify this child with his parents.
In the present case, the Department made reasonable efforts. However, because the parents have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful.
 C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The child has been abandoned. Timothy S. have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) Kimberly H. failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time she could assume a responsible position in her child's CT Page 6367 life; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
 D. Termination is in the best interests of the child by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. After initial, cursory compliance, Kimberly H. never utilized any of these programs and opportunities. Timothy S. was totally non-compliant.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent routinely contacted either the court or the Department of Children and Families. Neither sought regular visitation with their child; neither inquired about the welfare of this child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physical care, custody and control of the child for at least one year with whom the child has developed significant emotional ties.
The child was an infant when he entered his present foster care placement. Since this arrangement he has had limited contact with his biological mother. He has never had any contact with his biological father.
Father never contacted the Department of Children and Families to inquire about the welfare of this child. Mother did contact the Department, but provided an unrealistic option for the child.[2]
Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children. CT Page 6368
This child has a strong, loving relationship with their current foster parents and turns to these foster parents for comfort and reassurance.
4. Age of the Child
This child is now two years old.
 5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of this child.
 6. Extent to which the parent has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with their child. They merely chose not to exercise this right.
 7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of this child.
The statutory parent for Jaquez P. shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
 __________________________ JULIA DiCOCCO DEWEY, JUDGE May 15, 2001